UNION TRUST COMPANY *v.* BERRY.

4-2853

Opinion delivered February 13, 1933.

*Charles S. Harley,* for appellant.

*Pace & Davis* and *Walter L. Pope,* for appellee.

KIRBY, J. This appeal challenges the correctness of a decree holding appellee entitled to the proceeds of a check given for the purchase price of cattle sold for him as against appellant and others.

Magness, a member of the firm of Magness & Barham, cattle dealers, and who was also the president of the Bank of Western Grove, sold 100 head of cattle belonging to appellee at an agreed price and commission for making the sale to Evans Brothers of Pulaski County, Missouri. The buyer, Evans, after the cattle had been weighed, being in a hurry to get back home on that day, gave a single check for the balance of the purchase price, instead of two checks, a separate one for the balance of the commission Magness was to receive, Magness remarking at the time that he only had $65 coming. There being no bank in Yellville, Magness said he would take the check and collect it. He deposited the check in his name the next day in the bank at Western Grove, telling the cashier when making the deposit slip that he only had $65 interest therein, and he gave a check on his account to appellee for the balance, $2,786.72.

The Western Grove bank immediately sent the check to its correspondent bank, appellant, "for collection and credit," and the check was sent on for collection, and payment was stopped, and suit was brought by appellant bank, and an attachment issued and the proceeds of the check was paid into the registry of the court here on stipulation of the parties.

The court found that appellee was the rightful owner of said fund, that appellant had wrongfully prevented its payment to him by its suit in Missouri, and decreed accordingly, directing the clerk of the court to turn over the fund in the registry, $2,786.72, to appellee. A decree was also rendered against appellant for interest and costs, and from this decree the appeal is prosecuted.

Appellant bank, to which the check was sent for collection and credit, did not collect it, and had no other right to it than as agent, and, not being bound by an entry of credit, it had no power to bind the real owner thereby. The owner or holder of the paper, who delivered it to the bank for collection and credit, was at liberty to treat the bank as an agent "until the proceeds are collected by the bank in money, and authority of the bank to credit the customer does not arise until it has actually received the money," as said by this court in *First State Bank* v. *Taylor*, 183 Ark. 967, 39 S. W. (2d) 519. See also *Taylor* v. *Corning Bank & Trust Co.*, 183 Ark. 757, 38 S. W. (2d) 557.

When payment of Evans Brothers' check was stopped because of the insolvency of the Western Grove bank and the check returned to appellant, it charged the amount of the check back to the Western Grove bank, and should have returned the check to the Bank Commissioner in charge of the bank for delivery to the owner. The Western Grove bank had to its credit in appellant bank during December, when the check was received, a balance of nearly $5,000 the day after it was received, and it never fell below the amount of the check, and on December 14th, when the check was returned and charged back, the balance was more than the amount of the check. The owner sending the paper for collection could have controlled the disposition thereof until it was paid in full. *Branch Bank* v. *U. S. Nat. Bank of Omaha*, 50 Neb. 470, 70 N. W. 34.

Magness, the president of the Western Grove bank, told Berry, the appellee, who was entitled to the money for which his cattle had been sold, that he would deposit

the check for collection, which was done, the cashier being told, when he was making the deposit slip therefor, that he, Magness, only had an interest of $65 therein, the remainder belonging to Berry, for which a check was sent him by Magness, which was never presented or paid. Magness was but a trustee for the collection of the money, and his written transfer, assignment and authority authorized Berry to sue for the purchase money in his own name, completing the collection thereof himself.

We find no error in the record, and the decree is affirmed.